Filed 12/13/23  Dancel v. Farzam CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHRISTOPHER DANCEL, Plaintiff and Appellant, v. STEVE FARZAM, Defendant and Respondent. | B320810 (Los Angeles County Super. Ct. No. 20STCV05270) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Okorocha Law Firm and Okorie Okorocha for Plaintiff and Appellant.

Andrade Gonzalez, Sean A. Andrade, and Eric D. Mason for Defendant and Respondent.

Plaintiff Christopher Dancel (plaintiff) sued defendant Steve Farzam (defendant) for creating a website using plaintiff's name as the domain name and posting defamatory and private information on the website. The trial court dismissed the action without prejudice when plaintiff's attorney failed to appear for trial. We are asked to decide whether the trial court abused its discretion in denying plaintiff's requests to continue the trial date before the court later dismissed the case. Plaintiff also challenges the trial court's earlier rulings granting defendant's motions to quash plaintiff's subpoenas to law enforcement agencies and imposing monetary sanctions in connection with the motions to quash.

## I. BACKGROUND

Plaintiff filed a complaint in February 2020 alleging that, after he served as an informant in an investigation that led to defendant being convicted of various felonies, defendant registered a website at http://www.christopherdancel.com and posted defamatory and private information regarding plaintiff. Plaintiff asserted causes of action for libel per se, violation of the common law right of publicity and against misappropriation, and violation of Business and Professions Code section 17525, subdivision (a).[1]

---

[1]     Business and Professions Code section 17525, subdivision (a) provides that "[i]t is unlawful for a person, with a bad faith intent, to register, traffic in, or use a domain or subdomain name that is identical or confusingly similar to . . . [¶] (1) The personal name of another living person or deceased personality, without regard to the goods or services of the parties."

## A. *Subpoenas and Motions to Quash*

Plaintiff issued subpoenas to the Los Angeles Police Department (LAPD) and California Department of Justice (DOJ) seeking, among other things, "Any and ALL RECORDS pertaining to [defendant], including but not limited to documents generated during any investigation or prosecution over the last 10 years to present only."

Defendant moved to quash the subpoenas and requested sanctions totaling $9,690. On December 16, 2021, the trial court granted defendant's motions, giving two reasons for doing so. First, the court determined plaintiff did not comply with Code of Civil Procedure section 1985.3's requirement that consumers be notified before a subpoena is issued for certain records.[2] Alternatively, the trial court reasoned that, in balancing defendant's right of privacy against plaintiff's claimed need "to establish [defendant's] motivation in posting the defamatory information," 10 years of criminal records were not necessary. In the trial court's view, there "appear[ed] to be no dispute that [plaintiff] participated in the investigations which led to [defendant's] convictions" because defendant acknowledged as much in his cross complaint.[3] Moreover, plaintiff did "not explain[ ] what specific information is required from the records," relying instead on "a general assertion that the records are

---

[2]     Undesignated statutory references that follow are to the Code of Civil Procedure.

[3]     Defendant's cross-complaint, dismissed before trial, is not included in the appellate record.

3

required."  The trial court ordered plaintiff and his attorney, jointly and severally, to pay $3,017.50 in sanctions.[4]

### B. Requests for Continuance and Order of Dismissal

Plaintiff filed a series of ex parte applications to continue the trial for 60 days in early 2022.  First, plaintiff filed two identical applications on March 24, 2022, asking the trial court to continue the trial—then set to begin on March 28, 2022—because his attorney was "a material expert witness" subpoenaed to appear at several hearings, including two criminal matters, around the same time.  Plaintiff argued there was good cause to continue the trial because his attorney would be unable to give this case "his full attention" and because the criminal matters "must take priority."  The trial court took the ex parte applications off calendar because plaintiff's attorney did not appear at a hearing, but it continued the trial to April 5, 2022, on its own motion.

Plaintiff filed another ex parte application to continue the trial on March 30, 2022.  This application was substantially similar to the prior applications but also mentioned an additional criminal matter in which plaintiff's attorney was serving as an expert witness.  Plaintiff subsequently requested judicial notice of subpoenas for his attorney to appear in two other criminal matters in which he was serving as an expert witness.  The trial court denied this application to continue the trial because it did

---

[4]  This court summarily denied plaintiff's writ petition challenging the trial court's ruling on the motions to quash and sanctions.  (*Dancel v. Superior Court* (Mar. 4, 2022, B318126) [nonpub. opn.].)

not comply with various court rules.[5]  At a hearing on motions in limine held the same day, the trial court stated that jury selection would commence on April 11, 2022.  When plaintiff's attorney indicated he was subject to subpoenas in criminal matters, the trial court responded that, "[i]f something actually does come up for you on April 11, I'm sure you have a way of putting that properly before the court . . . ."

Plaintiff filed one more ex parte application to continue the trial for 60 days on April 7, 2022.  This too was substantially similar to plaintiff's prior applications, although it listed different criminal matters in which his attorney was engaged as an expert witness.  The trial court denied the application on April 11, 2022.  The court emphasized the application "[did] not address the disclosures or previous applications, as required by California Rules of Court[,] rule 3.1202(b)."[6]  Additionally, "[t]here [was] no

---

[5]      Specifically, the trial court cited California Rules of Court, rules 3.1201(3), 3.1202(a), and 3.1204.  Rule 3.1204 provides, among other things, that a party seeking ex parte relief must provide notice to the opposing party and attempt to determine whether that party will appear to oppose the application, detail efforts made to provide notice, or explain why notice should not be required.  Rule 3.1201(3) requires that a request for ex parte relief be accompanied by "[a] declaration based on personal knowledge of the notice given under rule 3.1204."  Rule 3.1202(a) requires the applicant to provide contact information for the opposing party's attorney "or, if no such attorney is known, the name, address, e-mail address, and telephone number of the party if known to the applicant."

[6]      California Rules of Court, rule 3.1202(b) provides that "[i]f an ex parte application has been refused in whole or in part, any subsequent application of the same character or for the same relief, although made upon an alleged different state of facts,

5

attempt to determine whether the opposing party [would] appear to oppose the application, as required by [California Rules of Court,] rule 3.1204(a)(2)." On the merits, the trial court found there "[was] no affirmative factual showing of irreparable harm, etc. . . . in a declaration containing competent testimony based on personal knowledge." Plaintiff's attorney did not "show[ ] that he [was] attorney of record for a criminal matter that [was] proceeding to trial." Rather, he had only "shown some subpoenas requiring his appearance (or placing him on call) as a witness, and ha[d] expressed that he anticipate[d] he [would] receive additional subpoenas in the future."

When the trial court called the case on April 11, 2022, to rule on motions in limine and begin jury selection, an attorney standing in for plaintiff's attorney of record indicated the attorney of record was "actually engaged in a criminal matter in Placer [County]. He's actually on his way this morning to Placer as the defense's expert witness in the criminal matter, so he's not available at all . . . ." The trial court asked who would be representing plaintiff, and the attorney responded, "[t]here is no one who is prepared to go forward with the plaintiff's matter today. No one else is prepared. This is a notification to the court that [plaintiff's attorney of record] would otherwise be prepared had he not had the priority criminal matters before him. But there's no one today to appear, so in the interest of justice, and if it's the court's desire, the court could dismiss the case today since there's no one prepared to go forward with [plaintiff's] matter." Defendant's attorney said "[i]t sounds to me like the plaintiff is

---

must include a full disclosure of all previous applications and of the court's actions."

requesting that the case be dismissed based on failure to appear for trial, and that works for us." The trial court ordered the case dismissed without prejudice "based on defendant's request that the court dismiss the case, and also at the suggestion of plaintiff."

## II. DISCUSSION

There was no error in denying the ex parte applications to continue the trial because the applications did not comply with the pertinent rules of court.

Plaintiff's challenge to the trial court's orders granting defendant's motions to quash the DOJ and LAPD subpoenas and imposing sanctions also lacks merit. Plaintiff does not contest the trial court's finding that he did not comply with consumer notice requirements before serving the subpoenas and, in any event, the trial court appropriately balanced defendant's privacy interest against plaintiff's right to discover relevant facts in quashing the subpoenas. The trial court's associated sanctions order was also appropriate.

### A. *The Court Did Not Abuse Its Discretion in Denying Plaintiff's Ex Parte Applications to Continue the Trial*

Plaintiff's appellate briefing challenges the trial court's orders denying his ex parte applications to continue the trial dated March 28, 2022, and April 5, 2022. Even assuming the March ruling is within the scope of this appeal,[7] the challenge

---

[7] In addition to the December 2021 orders granting defendant's motions to quash the law enforcement subpoenas (and "[a]n order after judgment" mentioned nowhere in plaintiff's opening brief), plaintiff's notice of appeal only identifies trial court orders dated April 5, 2022, and April 11, 2022. These dates

fails because plaintiff's attorney failed to appear at the hearing set to consider the March ex parte application in violation of court rules requiring such an appearance. (Cal. Rules of Court, rule 3.1207.)

As to the order dated April 5, 2022, plaintiff is incorrect that the trial court "gave absolutely no statement of [its] reasoning . . . ." Although we are concerned with the trial court's ultimate ruling and not its reasoning (*Loy v. Kenney* (2022) 85 Cal.App.5th 403, 406), the trial court's ruling is supported by plaintiff's failure to comply with several court rules cited in the order. (*Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 884 ["'The Rules of Court promulgated by the Judicial Council have the force of positive law and must be complied with provided they do not conflict with any act of the Legislature'"].) Indeed, the trial court expressly indicated it would consider an application that was "properly before the court." Plaintiff, however, never subsequently filed an application that conformed to the California Rules of Court.

Because plaintiff's briefing on appeal does not address the trial court's April 11, 2022, order denying the ex parte application filed on April 7, 2022, any claim of error with respect to this ruling is forfeited. (*Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 295.) The same holds true concerning the appearance attorney's "notification to the court" that the attorney of record was unavailable on April 11, 2022.

---

correspond to the judgment of dismissal and orders denying two of plaintiff's ex parte applications to continue the trial. Plaintiff's appellate briefs only discuss trial court continuance denial orders dated March 28, 2022, and April 5, 2022.

B. *The Court Did Not Abuse Its Discretion in Granting Defendant's Motions to Quash Plaintiff's DOJ and LAPD Subpoenas*

Section 1985.3 sets forth procedural requirements governing subpoenas for personal records of a consumer. Among other things, the subpoenaing party must provide notice to the consumer "[a]t least five days prior to service upon the custodian of the records . . . ." (§ 1985.3, subd. (b)(3).) By its own terms, section 1985.3 does not include subpoenas directed to law enforcement agencies (§ 1985.3, subd. (a)(1)). But section 1985.4 makes its procedural requirements applicable to plaintiff's subpoenas to DOJ and LAPD.[8]

---

[8] Section 1985.4 provides that "[t]he procedures set forth in Section 1985.3 are applicable to a subpoena duces tecum for records containing 'personal information,' as defined in Section 1798.3 of the Civil Code that are otherwise exempt from public disclosure under a provision listed in Section 7920.505 of the Government Code that are maintained by a state or local agency as defined in Section 7920.510 or 7920.540 of the Government Code. For the purposes of this section, . . . 'consumer' means . . . any . . . natural person. . . ." Here, the records in question are maintained by state and local agencies covered by the statute. (Gov. Code §§ 7920.510, subd. (h) ["[a]ny . . . agency" of a city], 7920.540, subd. (a) ["every state . . . department" outside of the Legislature and the Judiciary].) And plaintiff's subpoenas seeking "[a]ny and ALL RECORDS pertaining to [defendant]" inarguably target "personal information" as broadly defined in Civil Code section 1798.3. (Civ. Code, § 1798.3, subd. (a) ["The term 'personal information' means any information . . . that identifies or describes an individual, including, but not limited to, the individual's name, social security number, physical description, home address, home telephone number, education, financial matters, and medical or

9

Plaintiff acknowledged in the trial court that he did not provide consumer notice sufficiently in advance of serving the DOJ and LAPD subpoenas. This alone justifies the trial court's decision to grant defendant's motions to quash. (*Bd. of Registered Nursing v. Superior Court* (2021) 59 Cal.App.5th 1011, 1037 ["Where, as here, a state agency is served with a subpoena seeking personal information that does not comply with the consumer notice provisions, disclosure of the personal information would violate the law"]; *Sasson v. Katash* (1983) 146 Cal.App.3d 119, 125 [holding that a party's "admitted failure to follow the notice and time procedures set forth in [section 1985.3] justified the exclusion of the requested documents" when the party asked a witness to produce them at trial]; see also § 1985.3, subd. (k) ["Failure to comply with this section shall be sufficient basis for the witness to refuse to produce the personal records sought by a subpoena duces tecum"].)

In addition, the trial court's balancing of defendant's privacy interest against plaintiff's competing interests was not an abuse of discretion. (See, e.g., *Denari v. Superior Court* (1989) 215 Cal.App.3d 1488, 1498 ["The courts have repeatedly recognized that release of arrest records or dissemination of information about arrests implicated the right to privacy of the arrestees"].) Plaintiff has never sufficiently explained how 10

---

employment history"].) At least some of the information may be exempt from public disclosure under Government Code 7920.505. (Gov. Code, § 7920.505, subd. (a)(2) [incorporating Government Code section 7923.600]; Gov. Code, § 7923.600 [exempting from disclosure "records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of" DOJ and local police agencies].)

years of criminal records are relevant to the subject matter of this litigation. His assertion that such records shed light on defendant's "motivation" in creating the website does not suffice because there is no proffered link between the requested information and the conduct alleged in the complaint. Plaintiff's contention that defendant waived any privacy interest relating to law enforcement records because defendant noticed the deposition of an LAPD detective lacks merit because, with only the notice of deposition included in the appellate record, we have no ability to assess the scope of the testimony and any potential waiver.

C. *The Trial Court Did Not Abuse Its Discretion in Ordering Sanctions Against Plaintiff and His Attorney*

Subject to exceptions not applicable here, section 1987.2, subdivision (a) provides that the trial court has discretion to "award the amount of the reasonable expenses incurred in making or opposing [a motion to quash], including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification . . . ." Similarly, section 2023.030, subdivision (a) provides that "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." Indeed, the court "shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a).) Misuse of the

11

discovery process includes "[p]ersisting, over objection and without substantial justification, in an attempt to obtain information or materials that are outside the scope of permissible discovery." (§ 2023.010, subd. (a).)

The trial court ordered sanctions after finding that plaintiff failed to comply with consumer notice requirements and failed to provide a non-conclusory argument that defendant's criminal records were relevant to the subject matter of the litigation. As we have discussed, the trial court was correct in both respects. In opposing the motions to quash, plaintiff failed to address the consumer notice issue and did not adequately explain why the requested records were relevant to his case. Because the opposition was not "'well grounded in both law and fact'" (*Evilsizor v. Sweeney* (2014) 230 Cal.App.4th 1304, 1312), it lacked substantial justification and sanctions were warranted. Plaintiff's challenge to the sanctions order, predicated on a contention that "there was no improper conduct or a showing of bad faith," does not apply the correct legal standard.

## DISPOSITION

The judgment is affirmed.  Defendant shall recover his costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


MOOR, J.